IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| HAKEEM ABDUL MALIK, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
| v. | ) | No. 15-2129-STA-cgc |
|  | ) |  |
| D.R. STEPHENS, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

___

ORDER DENYING PETITION UNDER § 2241
ORDER GRANTING MOTION TO SUPPLEMENT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

___

Before the Court is a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (" § 2241 Petition") filed by Hakim Abdul Malik, Bureau of Prisons registration number 14565–045, an inmate currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. (§ 2241 Pet., *Malik v. Stephens,* No. 2:15–cv–02583–STA–tmp (W.D.Tenn.), ECF No. 1.) For the reasons stated below, the § 2241 Petition is **DENIED**.

## BACKGROUND

According to the Petition, Malik was convicted of one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Western District of Missouri and sentenced to 262 months imprisonment in 2002. The United States Court of Appeals for the Eighth Circuit set forth the full factual background of the case against Malik in a 2003 opinion affirming the judgment of the District Court. *See United States v. Malik*, 345 F.3d 999 (8th Cir. 2003). On March 23, 2004, Malik filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and on August 8, 2004, the

Western District of Missouri denied the motion, holding that Malik had procedurally defaulted any claim regarding his designation as an armed career criminal. *See* Order Denying Motion to Vacate, *Malik v. United States*, no. 4:04-cv-282, W.D. Mo., Aug. 18, 2004). Malik went on to file one other motion under § 2255 in the Western District of Missouri (civil case no. 4:06-cv-0788) and a petition for writ of error audita querela (civil case no. 4:12-01349), both of which were dismissed.

Malik filed the § 2241 Petition now before this Court on February 23, 2015. (§ 2241 Pet., *Malik v. Stephens,* No. 15-2129-STA-cgc (W.D.Tenn.), ECF No. 1.) Malik claims that the Western District of Missouri improperly applied the Armed Career Criminal Act ("ACCA") at his sentencing by miscounting Malik's prior criminal history. On July 22, 2015, Malik filed a Motion to Supplement his Petition, seeking to add a due process claim based on *Johnson v. United States,* 135 S.Ct. 2551 (2015) and the district court's application of the ACCA. (Mot. to Supplement, ECF No. 6.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one-year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. In order to file a second or successive § 2255 motion, a prisoner must obtain authorization from the Sixth Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3) and 2255(h). These reforms were intended to protect the finality attached to federal criminal judgments. As previously noted, Malik already requested and was denied relief in two separate collateral attacks on his sentence under § 2255. Malik has not shown that

he has pursued proper authorization from the Court of Appeals to file a second or successive petition under § 2255.

In an apparent effort to evade and circumvent the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h), Malik characterizes his Petition as a request for habeas relief under § 2241. The only reason for this characterization, however, is the need to avoid the limitations imposed by AEDPA. Malik seeks to attack the validity of his original sentence, not the manner in which the Bureau of Prisons has executed the sentence. Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."[1] On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."[2] *Wright* and *Jalili* indicate that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks presume, as a matter of course, the validity of the original underlying conviction and sentence.

Malik's Petition is in reality a motion under § 2255. Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255.[3] Even then habeas corpus would be available if it "appears that the remedy by motion is

---

[1] *Wright v. United States Bd. of Parole,* 557 F.2d 74, 78 (6th Cir. 1977).

[2] *Id.* at 77; *cf. United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply.").

[3] *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999); *In re Hanserd*, 123 F.3d 922, 933 (6th Cir. 1997).

inadequate or ineffective to test the legality of his detention."[4] The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[5]

This "savings clause" operates in the narrowest category of cases as an additional exception to the successive motion limits of AEDPA. The petitioner bears the burden of demonstrating that the savings clause applies.[6]

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."[7] And after the decision in *Charles,* the Sixth Circuit reemphasized the narrow scope of the savings clause: "The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles,* '[t]he remedy afforded under § 2241 is not an additional, alternative or

---

[4] 28 U.S.C. § 2255.

[5] 28 U.S.C. § 2255(e).

[6] *Charles*, 180 F.3d at 756.

[7] *Id.*; *see also Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits.").

supplemental remedy to that prescribed under § 2255.'"[8] "The only claim that [the Sixth Circuit] has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case . . . ."[9] "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim."[10] Additionally, a petitioner must show that he is actually innocent of the underlying offenses, not merely that he is innocent of his sentence.[11]

Malik is not entitled to relief under § 2241 petition for two simple reasons. First, the claims asserted in his Petition and Motion to Supplement, including his *Johnson* claim, challenge the imposition of his sentence, and not the execution of his sentence. As a result, Malik's claims are inappropriate for a § 2241 petition and are otherwise a § 2255 motion in disguise. Dismissal

---

[8] *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001) (citations omitted) (quoting Charles, 180 F.3d at 758)).

[9] *Townsend v. Davis,* 83 F. App'x 728, 729 (6th Cir. 2003); *see Reminsky v. United States,* 523 F. App'x 327, 328 (6th Cir. 2013) (per curiam) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255."); *see also Peterman,* 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles,* 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions.").

[10] *Gesuale v. Sanders,* 63 F. App'x 875, 876 (6th Cir. 2003); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998).

[11] *See Reminsky,* 523 F. App'x at 329 ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland,* 473 F. App'x 501, 502 (6th Cir. 2012) (per curiam) (holding that the savings clause of § 2255 does not apply to a petitioner claiming "actual innocence of the career offender enhancement").

5

of the Petition and denial of the Motion to Supplement are required for this reason alone. Second, Malik has not shown an entitlement to relief under the savings clause and § 2241 because he has failed to raise a valid argument for his actual innocence of the offense for which he is currently incarcerated. Malik merely claims that *Johnson* changed the scope of the Armed Career Criminal Act and that the district court improperly sentenced him in light of *Johnson*. The Sixth Circuit has consistently held that the savings clause of § 2255 does not apply to sentencing claims of this kind.[12] Therefore, § 2241 is not the proper vehicle for obtaining the relief Malik seeks.

Because Malik is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.[13] The Court finds it unnecessary under the circumstance to order Respondent to file a response to the Petition. Malik's petition is **DENIED** and **DISMISSED**.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).[14] A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner

---

[12] *See, e.g., Reminsky,* 523 F. App'x at 329.

[13] 28 U.S.C. § 2243.

[14] *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[15] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[16] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.[17]

In this case, because Malik is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Malik files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 3, 2016.

---

[15] *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

[16] Fed. R. App. P. 24(a)(1).

[17] *See* Fed. R. App. P. 24(a)(4)-(5).